# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF K. ALEXANDRA MONACO, ESQ., BAR NO. 9253

No. 78882

**FILED**

JUL 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## *ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Alexandra Monaco. Under the agreement, Monaco admitted to violating RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.1 (bar admission and disciplinary matters). She agreed to a six-month-and-one-day suspension, stayed for one year, subject to certain conditions.

Monaco admitted to the facts and violations as part of her guilty plea agreement. Thus, the record establishes that Monaco violated the above-listed rules by falsely informing clients that she had filed their immigration paperwork, failing to communicate with clients, charging excessive fees, failing to hold client money in trust, refusing to return files or unearned fees after terminating representation, improperly supervising a nonlawyer assistant, and failing to respond to the bar's request for information when investigating clients' grievances against Monaco. The

19-29971

issue for this court is whether the agreed-upon discipline is sufficient to protect the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Monaco admitted to engaging in a pattern of neglect and causing injury or potential injury to a client. Monaco's clients, who are immigrants and therefore vulnerable clients, could have been harmed when Monaco did not timely file their immigration paperwork and did not inform them of her failure to do so. There was also serious harm caused by the excessive and/or unearned fees that Monaco charged her clients especially considering that it does not appear Monaco ever returned those fees.[1] The baseline sanction before considering aggravating or mitigating factors is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42(b) (Am. Bar Ass'n 2018) (providing that suspension is appropriate when "a lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The record supports the panel's finding of three aggravating factors

---

[1]At the hearing on the conditional guilty plea agreement, counsel for the State Bar told the hearing panel the bar "d[id] not have any facts to support any actual injury in these cases, but the potential was certainly there for serious injury." The facts included in the conditional guilty plea agreement suggest, however, that Monaco retained unearned fees.

(pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and five mitigating factors (absence of a prior disciplinary record, personal or emotional problems, timely good faith effort to make restitution or to rectify consequences of misconduct, character or reputation, and physical disability).

Considering all four factors, we conclude that the agreed-upon discipline is insufficient to serve the purpose of attorney discipline. As stated above, Monaco's actions caused serious injury, with the potential for additional and/or unknown serious injury, to a vulnerable client population. Aside from directing Monaco to refund $899.99 to one set of clients and requiring the return of excessive filing fees, the conditional guilty plea agreement does not provide for any manner of restitution of the unearned fees that these clients would likely avail themselves of. While the State Bar often requires an attorney to agree to binding fee dispute arbitration when the disciplinary matter includes fee issues, that the clients in this matter are immigrants should have been taken into account by the State Bar when crafting the conditional guilty plea agreement. We consider it unlikely that many, if any, of Monaco's clients included in the conditional guilty plea agreement would seek fee dispute arbitration. Thus, the conditions imposed on Monaco's suspension do not adequately protect the public. *See Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28. Accordingly, we reject the conditional guilty plea.[2] Any future conditional guilty plea agreement should require Monaco to return any unearned fees to her clients and, if

---

[2]We are cognizant of Monaco's health and other personal issues, but one of the main purposes of attorney discipline is to protect the public. *See Claiborne*, 104 Nev. at 213, 756 P.2d at 527-28.

those clients cannot be located, she can pay those fees to the State Bar's Clients' Security Fund.

It is so ORDERED.

_____ , J.
Hardesty

_____ , J.
Stiglich

_____ , J.
Silver

cc:    Chair, Southern Nevada Disciplinary Board
K. Alexandra Monaco
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court